Michael Merriman (SBN 234663)
**HILGERS PLLC**
mmerriman@hilgerslaw.com
655 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 369-6232

*Attorney for the Plaintiffs*
*and the Proposed Classes*

Jeremy Ostrander (SBN 233489)
**WHITE & CASE LLP**
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
jostrander@whitecase.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

[Additional attorneys on signature page]

Elizabeth McKeen (SBN 216690)
Danielle Morris (SBN 246295)
**O'MELVENY & MYERS LLP**
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
emckeen@omm.com
dmorris@omm.com

*Attorneys for Defendant TransUnion*

McGregor W. Scott (SBN 142413)
**KING & SPALDING LLP**
621 Capitol Mall, Suite 1500
Sacramento, CA 95814
Telephone: (916) 321-4818
Facsimile: (916) 321-4900
mscott@kslaw.com

*Attorney for Defendant Equifax Inc.*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| DR. DERRICK ADAMS, CAPE EMERGENCY PHYSICIANS, P.A., and AMERIFINANCIAL SOLUTIONS, LLC, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INC., AND TRANSUNION,<br><br>Defendants. | Case No. 2:23-CV-1773-DJC-JDP<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>Judge: Hon. Daniel J. Calabretta<br><br>Magistrate: Hon. Jeremy D. Peterson |

- 1 -

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve the production and disclosure of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to, and petition the court to, enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file any information under seal; the presiding judge's Standing Order in Civil Cases and Local Rule 141 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or other information or tangible things required by law or agreement to be kept confidential.

2.3    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4    Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

2.5    Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other

- 2 -

things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

2.6    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  Nothing in this Protective Order purports to alter the requirements for offering testimony under Federal Rule of Evidence 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

2.7    "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items," which is highly sensitive confidential or proprietary information such that would, if disclosed to another Party, Party's employees, or Party's in-house counsel, have a substantial likelihood of compromising or jeopardizing that Party's business, personal, commercial, competitive, or financial interests if it were designated as merely "Confidential Information or Items."

2.8    Produced Privileged Material or Document: Any Discovery Material in this action that the Producing Party later claims should have been, but was not, withheld from disclosure by a privilege or other immunity from discovery, including without limitation the attorney-client privilege, the work-product privilege, the joint-defense or common-interest privilege, or any other statutory privilege or protection.

2.9    In-House Counsel: Attorneys or individuals responsible for management of litigation, who are employees of a party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

- 3 -

2.12   Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.13   Privileged Material: Any document, ESI, or related information that is, or that the Producing Party asserts is, protected from disclosure by a privilege or other immunity from discovery, including without limitation the attorney-client privilege, the work-product privilege, the joint-defense or common-interest privilege, or any other statutory privilege or protection.

2.14   Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   Professional Vendors: Persons or entities that provide litigation support services (e.g., court-reporting, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," and/or contains "Protected Health Information."

2.17   Protected Health Information: Information within the scope and definition set forth in 45 C.F.R. §§ 160.103 and 164.501, including, but not limited to, health and demographic information, relating to the past, present, or future physical or mental health of an individual, the provision of care to an individual, or the payment for care provided to an individual, which identifies the individual or with respect to which there is a reasonable basis to believe the information can be used to identify the individual.  In addition to the parameters set forth in Section 9 of this Order, Protected Health Information shall be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY.

2.18   Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

[PROPOSED] STIPULATED PROTECTIVE ORDER
*Adams v. Experian Information Solutions, Inc.*

3.    "CONSUMER REPORT" INFORMATION

(a)    Because discovery material produced in this matter may contain "consumer report"[1] information, which "consumer reporting agencies"[2] and other recipients of such information may only disclose for certain permissible purposes,[3] this Stipulated Order expressly authorizes the production of such material.

(b)    Any discovery material containing "consumer report" information, including documents containing non-public personal information related to consumers, may only be used pursuant to the terms of this Order and for the purpose of litigating a claim or defense in this Action.

(c)    Any Producing Party in this Action is expressly relieved of any and all liability for any use or disclosure, whether purposeful, inadvertent, or otherwise, of "consumer report" information produced in this Action.

4.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be

---

[1] *See* 15 U.S.C. § 1681a(d).
[2] *See* 15 U.S.C. § 1681a(f).
[3] *See, e.g.,* 15 U.S.C. § 1681b(a)(1) (Consumer report information may be produced "[i]n response to the order of a court having jurisdiction to issue such an order.").

- 5 -

governed by a separate agreement or order.

5.    DURATION

Even after final disposition of this litigation, the obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any amended complaint after a dismissal without prejudice, as well as any motions or applications for extension of time pursuant to applicable law.

6.    DESIGNATING PROTECTED MATERIAL

6.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

While mass, indiscriminate, or routinized designations are prohibited, the Parties recognize that manually analyzing and designating large numbers of documents one-by-one for confidentiality can be an unduly burdensome task.  The Parties agree that each Party may reasonably rely on metadata information and good-faith searches to designate documents.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it

- 6 -

designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, Section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which of the material made available for inspection it wants copied and produced. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY") to each page that contains Protected Material.

(b) Testimony from any depositions taken in this Action may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 30 days of receipt of the final transcript.  Unless otherwise agreed, depositions shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" during the 30-day period following receipt of the transcript.

(c) for information produced in some form other than documentary and for any other

- 7 -

tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.3   Failures to Designate. A failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1   Timing of Challenges.   Any Party may challenge a designation of confidentiality at any time.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

- 8 -

change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a notice of motion and motion scheduling a hearing at least 21 days after the date of filing and service in accordance with Local Rule 251. The Parties must confer in good faith to attempt to resolve their differences before the motion is heard. If the dispute remains unresolved, the Parties shall prepare, sign, and file a Joint Statement regarding the challenge, which must be filed at least 14 days before the scheduled hearing date. The Joint Statement must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirement imposed in the preceding paragraph. In addition, the Challenging Party may file a notice of motion and motion, and a Joint Statement challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

8.    EXPERT DISCLOSURE

Unless otherwise ordered by the Court, prior to the disclosure of any Protected Material to any Expert or consultant, who has been involved in an employment, business,

or consulting relationship within the previous five years with any Defendant, the Party seeking to disclose Protected Material shall provide notice to the Party with whom the proposed Expert had a previous employment, business, or consulting relationship including: (1) the name, professional address, current employer, and brief description of such Expert or consultant, (2) the general categories of Protected Material proposed to be disclosed to the Expert, (3) a curriculum vitae or resume for the Expert, and (4) a description of the affiliation with the Party (or any parent, subsidiary, or affiliate of the Party).  Any good faith objection based on a potential conflict arising from this disclosure must be made in writing within 7 business days of receipt of the disclosure, after which the Parties shall promptly meet and confer to resolve any objection, and if unresolved, seek resolution from the Court pursuant to Local Rule 251.  Should a Party object to disclosure on the basis of a potential conflict, the objecting Party shall bear the burden of demonstrating that disclosure to the Expert or consultant presents a risk of harm.

9.    ACCESS TO AND USE OF PROTECTED MATERIAL

9.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a)  the Court and its personnel;

- 10 -

b) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information;

c) In-House Counsel for each non-Designating Party, as well as the secretarial and clerical employees of each Party who work regularly with In-House Counsel for the sole purpose of assisting with this litigation, who, because of their duties and responsibilities, require access to CONFIDENTIAL information and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d) Experts (as defined in this Order) and consultants (including jury or trial consultants, litigation support vendors, etc.), as well as personnel and support staff assisting such Experts or consultants, who are retained by the Parties to assist in this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom the procedures set forth in Section 8 have been followed;

e) court reporters, court videographers, and similar transcription services providers and their support staff;

f) any mediators engaged by the Parties and their support staff;

g) any 30(b)(6) deponent of the Designating Party;

h) the Producing Party;

i) any witnesses or potential witnesses in this action to whom disclosure is reasonably necessary, provided they first execute a copy of the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A to this Stipulated Protective Order and that counsel for the Party intending to disclose the information has a good-faith basis for believing such Confidential information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge.  Witnesses shall not retain a

- 11 -

copy of documents containing Confidential information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

j)  any outside photocopying, data processing, or graphic production services employed by the Parties or their counsel to assist in this Action, provided such persons first execute a copy of the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A to this Protective Order;

k)  the author or recipient of documents containing the information or a custodian or other person who otherwise possessed or knew the information; and

l)  any other person to whom the Producing Party designating the Discovery Material as Confidential agrees in advance of the disclosure, in writing or on the record, to disclose it.

9.3    Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only to:

a)  the Court and its personnel;

b)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information, and the Receiving Party's In-House Counsel who has responsibility for this matter, provided that such individuals do not regularly participate in the commercial business activities of the parties other than providing legal advice, and such counsel's paralegal, investigative, secretarial, and clerical personnel who are assisting such counsel in this Action;

- 12 -

c) Experts (as defined in this Order) and consultants (including jury or trial consultants, litigation support vendors, etc.), as well as personnel and support staff assisting such Experts or consultants, who are retained by the Parties to assist in this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and as to whom the procedures set forth in Section 8 have been followed;

d) court reporters, court videographers, and similar transcription services providers and their support staff;

e) any mediators engaged by the Parties and their support staff;

f) the Producing Party;

g) any 30(b)(6) deponent of the Designating Party;

h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

i) any other person to whom the Producing Party designating the Discovery Material as "Highly Confidential—Outside Counsel's Eyes Only" agrees in advance of the disclosure, in writing or on the record, to disclose it.

9.4    Disclosure of "Protected Health Information."    The Parties agree that Protected Health Information shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" whether or not such information is so designated.

Outside Counsel of Record shall take all reasonable steps to ensure that persons receiving Protected Health Information do not use or disclose such information for any purpose other than the above-captioned litigation, and that no disclosure of Protected Health Information will be made until the individual receiving such information (if required under Section 9.3) has executed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Within 60 days after dismissal or entry of a final judgment not subject to further appeal, the Parties shall return the Protected Health Information to the Producing Party or destroy all copies of the Protected Health Information pertaining to the action, except that

- 13 -

Parties are not required to secure the return or destruction of Protected Health Information submitted to the Court.  Any Protected Health Information destroyed pursuant to this paragraph must be destroyed in accordance with the United States Department of Health and Human Services *Guidance to Render Unsecured Protected Health Information Unusable, Unreadable, or Indecipherable to Unauthorized Individuals*.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Health Information.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

Nothing in this Order authorizes the Parties to obtain Protected Health Information through means other than formal discovery requests, subpoenas, or any other lawful process.

10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

- 14 -

If the Designating Party timely seeks a protective order, the Party served with the subpoena shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" before a determination by the court from which the subpoena or order issued or, where applicable, the court of enforcement, unless the Party has obtained the Designating Party's permission.   The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."   Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective order in this action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-

- 15 -

Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 30 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek modification by the court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party

- 16 -

may not file in the public record in this action any Protected Material. The filing of any document that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall be governed by Rule 141 of the Local Rules of the Eastern District of California, as well as the presiding judge's Standing Order in Civil Cases. Nothing in this Order shall authorize a departure from the requirements set forth therein.

13.4    Nonpublic Personal Information. To the extent that any party or nonparty subject to this Protective Order possesses Nonpublic Personal Information ("NPI"), as defined under the Gramm-Leach-Bliley Act, such information may be produced in this litigation with or without redactions pursuant to the exceptions permitting disclosure to comply with judicial process, including a subpoena, discovery request, or court order. This Protective Order constitutes a qualified order governing the production and use of such information and authorizes the disclosure of NPI solely for purposes of this litigation, subject to the confidentiality and security provisions set forth herein. To the extent any federal or state law, regulation, or contractual obligation would otherwise require notice to a consumer or other person prior to the disclosure of NPI in response to judicial process, the Court finds that the protections provided by this Protective Order are sufficient to safeguard such information. Accordingly, any such notice requirement is deemed satisfied or excused to the extent permitted by law; provided, however, that nothing in this Order shall prohibit a producing party or nonparty from providing notice where it determines that doing so is required or appropriate and not otherwise prohibited by law or court order. All NPI produced in this action shall be treated as confidential protected material under this Protective Order regardless of whether it is so designated at the time of production. Any party may challenge such designation pursuant to Paragraph 7 of this Protective Order.

14.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

14.1    No Waiver by Disclosure: Pursuant to Federal Rule of Evidence 502(d), the production of Privileged Materials or Protected Materials, whether inadvertent or otherwise, is not and shall not serve as a basis for claiming waiver of any applicable privilege or protection

- 17 -

from discovery in this Action or in any other federal or state proceeding, to the maximum extent applicable. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of material for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. The provisions of Federal Rule of Evidence 502(b) do not apply.

14.2    Notification and Challenge: The production of Privileged Material will not be deemed to waive any privilege or work-product protection either as to specific information in the Privileged Material or as to any other information relating thereto or on the same or related subject matters. A party claiming privilege or other protections over produced Privileged Material shall promptly notify any and all Parties that received the documents and provide within five (5) business days of such notification, absent a showing of exigent circumstances or an agreement to a different time period, sufficient information to the Receiving Party regarding the asserted privilege(s), in the form of a privilege log pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure. In the event that a Receiving Party discovers a document that they believe to constitute Privileged Material, the Receiving Party shall promptly notify the Producing Party of what it believes to be the Produced Privileged Material. After notification, any Receiving Party must return or destroy the Privileged Material within five (5) business days and provide written confirmation to the Producing Party upon request.

After a document is returned, sequestered, or destroyed pursuant to this Section, nothing in this Agreement shall restrict the Receiving Party's right to challenge the Producing Party's claim of privilege within 21 days following the notification of the production of Privileged Material consistent with Local Rule 251 and Federal Rule of Civil Procedure 26(b)(5)(B).

14.3    Use of Privileged Material Before Discovery or Notification of Disclosure: If the substance of any Produced Privileged Material is discussed in a deposition or pleading before discovery or notification of the disclosure, any party may seek an Order from the Court that such testimony or discussion shall be stricken and not used for any purpose. However, if the Privileged Material is successfully challenged, then any party may use the prior testimony.

14.4    Attorney's Ethical Responsibilities: Nothing in this Order overrides any

- 18 -

attorney's ethical responsibilities concerning the review of Privileged Material.

15.    Restrictions on Use of Artificial Intelligence

The Parties agree that a Receiving Party may use artificial intelligence software and services (together, an "AI Model") to aid in the processing, review, and analysis of Protected Material produced in this litigation, provided however that any such AI Model must protect the confidentiality of the information.  The Parties expressly agree that no Receiving Party will submit any Protected Material received in this litigation to an AI Model that is open or available to the public, including ChatGPT and similar tools.  The Parties further expressly agree that no Receiving Party will submit any Protected Material received in this litigation to any proprietary or closed AI Model unless it first ensures that the AI tool will not learn from, be trained on, or otherwise incorporate the Protected Material for any purpose other than the prosecution or defense of this litigation.  Before a Receiving Party submits Protected Material to an AI Model in compliance with this paragraph, the Receiving Party shall make certain that such Protected Material will not be accessible to unauthorized persons and that it can be deleted from the AI Model, as needed, to comply with Orders in this litigation.

16.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, upon request, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

- 19 -

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**PURSUANT TO STIPULATION,**

IT IS SO ORDERED.

Dated:    May 8, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE
JUDGE

- 20 -

Date: May 6, 2026                              Respectfully submitted,


*/s/ Bennett Rawicki*
Bennett Rawicki (*pro hac vice*)
HILGERS GRABEN PLLC
8750 N Central Expy., Suite 750
Dallas, TX 75231
Telephone: (469) 640-6842
brawicki@hilgerslaw.com

Michael Merriman (SBN 234663)
HILGERS PLLC
655 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 369-6232
mmerriman@hilgerslaw.com

*Attorneys for the Plaintiffs and the Proposed Classes*


*/s/ Jeremy Ostrander*
Jeremy Ostrander (SBN 233489)
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
jostrander@whitecase.com

Robert Milne (*pro hac vice*)
Jack Pace (*pro hac vice*)
Bryan Gant (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

[PROPOSED] STIPULATED PROTECTIVE ORDER
*Adams v. Experian Information Solutions, Inc.*

rmilne@whitecase.com
jpace@whitecase.com
bgant@whitecase.com

*Attorneys for Defendant Experian Information Solutions, Inc.*

/s/ McGregor W. Scott
McGregor W. Scott (SBN 142413)
KING & SPALDING LLP
621 Capitol Mall, Suite 1500
Sacramento, CA 95814
Telephone: (916) 321-4818
Facsimile: (916) 321-4900
mscott@kslaw.com

Christopher Yook (*pro hac vice*)
Emily Marsteller (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW,
Suite 900
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
cyook@kslaw.com
emarsteller@kslaw.com

*Attorneys for Defendant Equifax Inc.*

/s/ Ian Simmons
Ian Simmons (*pro hac vice*)
Patrick Jones (*pro hac vice*)
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
isimmons@omm.com
pjones@omm.com

Elizabeth McKeen (SBN 216690)
Danielle Morris (SBN 246295)
O'Melveny & Myers LLP
610 Newport Center Drive
17th Floor

- 22 -

**[PROPOSED] STIPULATED PROTECTIVE ORDER**
*Adams v. Experian Information Solutions, Inc.*

Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994
emckeen@omm.com
dmorris@omm.com

*Attorneys for Defendant*
*TransUnion*

- 23 -