UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK ADAMS, et al.,<br>Plaintiffs,<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br>Defendants. | No. 2:23-cv-01773-DJC-JDP<br><br>ORDER |

Pending before the Court is Defendants' Motion to Certify and Plaintiffs' Motion to Amend. For the reasons discussed below, the Court DENIES certification of a question to the Ninth Circuit and GRANTS Plaintiffs' Motion to Amend.

**BACKGROUND**

The facts and procedural history are known to the Parties. Following the Court's order granting in part and denying in part Defendant's motion to dismiss ("December Order"), Defendants filed the instant Motion to Certify. (Mot. Certify (ECF No. 93-1).) Defendants seek to certify the following question: "Does a plaintiff have antitrust standing where it participates in the relevant market in which it claims anticompetitive conduct occurred but alleges injury only in a different relevant

market." (*Id.* at 1.) Plaintiffs subsequently filed a motion to amend (Mot. Amend (ECF No. 100)). Both matters are fully briefed (Certify Opp'n (ECF No. 95); Certify Reply (ECF No. 98); Amend Opp'n (ECF No. 101); Amend Reply (ECF No. 104)) and was ordered submitted without oral argument pursuant to Local Rule 230(g) (ECF No. 105).

## MOTION TO CERTIFY

### I. Legal Standard

Generally, the final judgment rule mandates that "parties may appeal only from orders which end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Couch v. Telescope Inc.,* 611 F.3d 629, 632 (9th Cir. 2010) (cleaned up). Under certain exceptional circumstances, however, an interlocutory appeal may be permitted to allow for the immediate review of a non-dispositive order. Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal where the order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation. A district court may certify an order for interlocutory appeal sua sponte. *See Jeremiah M. v. Crum,* 695 F. Supp. 3d 1060, 1109 (D. Alaska 2023) (citing *Deutsche Bank Nat. Tr. Co. v. FDIC,* 744 F.3d 1124, 1133–34 (9th Cir. 2014); *Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1071 (9th Cir. 2006)).

### II. Discussion

The Court declines to certify the question proposed by Defendants. The question of law proposed is not disputed by this Court (Jan. Order (ECF No. 59)), or any courts identified in the parties' briefing. The Court acknowledges that the December Order does not explicitly state that the injury is suffered in the same market in which the Collection Agency Plaintiffs participate. However, the Court clearly cites the appropriate law in the January Order and made its findings in the December Order in accordance with that framework. (*See* Jan. Order at 17.) Thus, the question

proposed includes no substantial ground for a difference of opinion. *See Couch,* 611 F.3d at 633 (explaining that interlocutory appeals are proper to the extent that "controlling law is unclear").

Thus, the Court DENIES Defendants' Motion to Certify.

## MOTION TO AMEND

### I. Legal Standard

The Scheduling Order states that no further amendment or joinder of parties would be permitted "without leave of the court, good cause having been shown." (Scheduling Order (ECF No. 88) at 1.) As such, the Rule 16 good cause standard applies to determine whether Plaintiff should be permitted to amend their complaint. Fed. R. Civ. P. 16(b)(3)–(4).

Federal Rule of Civil Procedure 16(b) states that the court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once established, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009). "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

Rule 16(b)'s good cause standard is viewed more stringently than Rule 15. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006).

The moving party cannot "appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion [must] satisfy the more stringent 'good cause' showing required under Rule 16." *Id.* Only if good cause is found will the court then evaluate whether the amendment is proper under Rule 15's liberal standard. *Johnson*, 975 F.2d at 608.

## II. Discussion

Plaintiffs seek to amend their complaint by adding nine new plaintiffs and tortious interference claims in six new states and by adding Equifax Information Services, LLC as a defendant. Defendants argue that Plaintiffs have not demonstrated good cause and that amendment would be prejudicial.

### A. Addition of New Plaintiffs and Tortious Interference Claims

Plaintiffs argue that they were diligent in seeking to amend the complaint to add new plaintiffs and tortious interference claims because they promptly sought leave to amend the complaint following this Court's December Motion to Dismiss. (Mot. Amend at 3.) Defendants argue that Plaintiffs were not diligent in their efforts because Plaintiffs allegedly knew about the underlying facts giving rise to their current claims since filing their Second Amended Complaint in February of 2025, and therefore should have sought to add new Plaintiffs earlier. (Amend Opp'n at 5-7.) Defendants also argue that Plaintiffs' decision is purely strategic. (Amend Opp'n at 7.)

Plaintiffs, however, note that one month after this Court's December 2025 Order, Plaintiffs informed Defendants of their intent to amend the complaint in response to the Court's finding that Medical Provider Plaintiffs stated plausible claims for tortious interference. (Mot. Amend at 3-4.) Additionally, Plaintiffs argue that Defendants' diligence arguments regarding timing and strategy are unavailing because existing Plaintiffs are not adding new claims, and new plaintiffs are entering the suit via amendment in order to avoid these plaintiffs filing additional suits which would later be consolidated with the present matter, thus serving the interests of judicial efficiency. (Amend Reply at 3-4.)

The Court finds that Plaintiffs were diligent in promptly seeking to amend their complaint following this Court's December Order, and that allowing amendment would not unduly prejudice Defendants. Good cause appearing, the Court grants Plaintiff's motion to amend their complaint.

**CONCLUSION**

Accordingly, the Court DENIES Defendants' Motion to Certify (ECF No. 93-1). The Court GRANTS Plaintiffs' Motion to Amend the Complaint (ECF No. 100).

IT IS SO ORDERED.

Dated: **September 28, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC9 – ADAMS23cv1773.mc_v2